*DUNCAN'S EXECUTORS* vs. *POYDRAS' EXECUTORS.*

DUNCAN'S
EXECUTORS
*vs.*
POYDRAS'
EXECUTORS.

APPEAL from the court of the fourth district.

A motion to dismiss an appeal must be made *in limine litis.*

MARTIN, J., delivered the opinion of the court. The defendants appealed to the district court, from a judgment of the court of probates; this appeal was dismissed, and they now seek the reversal of the judgment of the district court.

They assign as error apparent on the record, that after, on the return day, both parties had appeared, the defendants and appellants moved for leave to amend their answer, by filing a supplemental one; and the case being argued, refused to receive any part of the supplemental answer, except so much of it as pleaded prescription; and afterwards the court sustained the motion of the plaintiffs and appellees, for the dismissal of the appeal.

2. That the judgment of dismissal was not signed by the judge.

3. That the definitive or final judgment refers to no law, nor does it contain any of the reasons on which it is grounded.

VOL. IV. (N. S.)    46

DUNCAN'S
EXECUTORS
*vs.*
POYDRAS'
EXECUTORS.

4. The grounds of the motion to dismiss the appeal, are, that,

I. No statement of facts or certificate, as required by law, appears.

II. The copy, not the original petition of appeal came up.

III. Neither the petition, nor the judge's order, shows the court to which the appeal is taken.

IV. The sheriff's return is on the citation, not on the petition of appeal.

On the 23d of November, the appeal is dismissed, for the causes above stated, but the entry is not signed by the judge.

On the 25th of November the judge endorsed and signed, on the back of the petition of appeal, an order for the dismissal of the appeal; but this order makes no mention of the grounds on which it was given.

We are of opinion the district court erred, in dismissing the appeal from the court of probates.

A motion to dismiss an appeal is, in the appellate court, what a plea in abatement is in that of the first instance. It is a dilatory exception, and ought to be made *in limine litis*, it comes too late afterwards.

East'n. District.
*March*, 1826.

Here the appellee, in the district court, suffered it to proceed in the case, and afterwards prayed for a dismissal.

DUNCAN'S
EXECUTORS
*vs.*
POYDRAS'
EXECUTORS.

We think the district court did not err, in refusing to allow the supplemental answer, except that part which alleged prescription. It is true, under the territorial government, the courts of appeal tried the case *de novo*, and admitted evidence not offered below; but this could not give an absolute right to either party to change the pleadings.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided and reversed, and the case remanded for further proceedings, according to law, the plaintiffs and appellees paying costs in this court.

*Duncan* for the plaintiffs, *Seghers* for the defendants.